UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL N.,

                Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                Defendant.

CASE NO. C19-5005-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[2] He has a GED, and has worked as a transit driver,

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

construction framer, hardware store stocker, and construction supply driver. (AR 77, 294.)

Plaintiff applied for SSI in September 2015. (AR 271-76.) That application was denied and Plaintiff timely requested a hearing. (AR 155-63, 165-76.)

On August 22, 2017, and December 7, 2017, ALJ Rebecca L. Jones held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR 44-119.) On December 28, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-35.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 30, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since September 16, 2015, the application date. (AR 24.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's synovitis of the left ankle with degenerative joint disease, bilateral carpal tunnel syndrome, major depressive disorder, and generalized anxiety disorder. (AR 24-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 26-27.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff can lift/carry up to 10 pounds occasionally and less than 10 pounds frequently. He can stand/walk up to two hours in an eight hour workday, and sit about six hours in an eight-hour workday. He cannot operative foot controls on the left side. He cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, as well as perform all other postural activities. He can frequently handle, finger, and feel bilaterally. He cannot be exposed to extreme cold. He can perform simple, routine tasks with no interaction with the general public. (AR 27.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 33-34.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including surveillance systems monitor, call out operator, and lampshade assembler. (AR 34-35.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2) discounting Plaintiff's partner's statement, (3) assessing the medical evidence, and (4) entering

findings at step five.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony for a number of reasons, including (1) the limitations he described were not supported by the objective medical evidence, (2) the record contains evidence of symptom exaggeration, (3) the record documents significant disputes between providers as to the extent of Plaintiff's injuries, (4) Plaintiff made inconsistent statements regarding his activities and his marijuana use, and (5) Plaintiff failed to follow through on treatment recommendations for his mental health impairments. (AR 28-30.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff notes that the ALJ's first reason cannot solely support her assessment of Plaintiff's testimony. Dkt. 12 at 13. That may be true, but Plaintiff has not shown that the ALJ erred in considering the extent to which the objective medical record was consistent with Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also contends that the workers' compensation examiners only evaluated the impairments that were related to his workplace injuries, and thus the ALJ erred in focusing on these opinions when identifying inconsistencies in the record. Dkt. 12 at 14. The ALJ

---

[3] Plaintiff's opening brief also challenges the ALJ's RFC assessment, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 18. Accordingly, this issue will not be analyzed separately.

acknowledged that limitation in the workers' compensation examinations, however, and explained that "[a]lthough the question of whether or not the claimant's conditions are work-related is not material to this decision," the examiners' opinions as to the severity of Plaintiff's condition nonetheless *were* material. (AR 29.) The ALJ went on to highlight the evidence of exaggeration noted in the examiners' reports, such as Plaintiff's exaggerated limp switching sides spontaneously, Plaintiff's observed "somewhat exaggerated" pain behaviors, as well as Plaintiff's reports of being unable to use or move his ankle despite no evidence of muscle atrophy. (AR 29 (citing AR 1493, 1215, 1636).) Even if, as argued by Plaintiff (Dkt. 12 at 14-15), some of the ALJ's other reasons contain speculative or otherwise erroneous analysis, those errors are harmless because the evidence cited by the ALJ with regard to Plaintiff's symptom exaggeration during examinations is sufficient to support the ALJ's assessment of Plaintiff's testimony. *See, e.g.*, *Linden v. Berryhill*, 736 Fed. Appx. 684, 685-86 (9th Cir. Jun. 18, 2018) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)).

<u>Lay testimony</u>

Plaintiff's partner, Autumn Ruth Holmes, completed a third-party function report describing Plaintiff's symptoms and limitations. (AR 302-09.) The ALJ summarized Ms. Holmes' report and noted that Ms. Holmes was not medically trained to comment on Plaintiff's maximal capacities. (AR 33.) The ALJ also noted that as Plaintiff's partner, Ms. Holmes was not disinterested in the outcome of Plaintiff's disability claim and her testimony was colored by affection for Plaintiff. (AR 33.) Neither of these are valid reasons to discount Ms. Holmes' testimony. *See Diedrich v. Berryhill*, 874 F.3d 634, 640-41 (9th Cir. 2017) ("[R]egardless of whether they are interested parties, friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to his or her condition."; "The

fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing.").

The ALJ went on to find Ms. Holmes' statement to be inconsistent with the medical evidence and medical opinions in the record, and this is a legally sufficient reason to discount Ms. Holmes' statement. (AR 33.) Plaintiff contends that this reason is not supported by substantial evidence, because the ALJ focused on workers' compensation examiners who evaluated only Plaintiff's workplace injuries. Dkt. 12 at 18. It is true that much of the medical evidence in the record was generated for Plaintiff's workers' compensation claim, but nonetheless multiple examining providers indicated that Plaintiff's conditions were less limiting than Ms. Holmes described, and this evidence thus supports the ALJ's finding. (*See* AR 31-32 (ALJ's summary of medical opinions).) In light of the ALJ's valid reasoning with respect to the inconsistency between Ms. Holmes' report and the medical record, the Court finds the ALJ's other reasoning to be harmless error.

## Medical evidence

Plaintiff challenges the ALJ's assessment of a number of opinions, each of which the Court will address in turn.

Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without

"'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Erum Quadeer, D.P.M., & Michael Dujela, D.P.M.

Dr. Quadeer, Plaintiff's treating podiatrist, opined in May 2015 that until September 30, 2015, Plaintiff would be limited to standing/walking less than 30 minutes per day and could not perform any postural activities, could reach for an hour per day, and could perform occasional manipulative activities. (AR 1189.) The ALJ did not discuss this opinion.

The Commissioner argues that the ALJ's error in failing to address this opinion is harmless because it describes only temporary limitations that do not satisfy the twelve-month durational requirement. Dkt. 13 at 7-8; 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months). Plaintiff argues in reply that limitations similar to those indicated by Dr. Quadeer were indicated by Dr. Dujela, another treating podiatrist, between November 2015 and September 2017, and therefore Dr. Quadeer's opinion was not temporary. Dkt. 14 at 2. It is true that Dr. Dujela's opinions describe limitations that satisfy the durational requirement, but Dr. Quadeer explicitly limited her opinion to approximately four months, and indicated that she would be seeing Plaintiff again in about a week. (AR 1189.) Because Dr. Quadeer's opinion could not establish disability in itself, due its time limitation, the ALJ's failure to address it is harmless error.

But, as noted by Plaintiff, Dr. Dujela's opinions address the requisite length of time. Dr. Dujela repeatedly opined that Plaintiff was limited to less than sedentary work. (AR 779-80, 791, 1259, 1265, 1615, 1622-23, 1757.) The ALJ discounted Dr. Dujela's opinions as inconsistent with the medical record and, to the extent that he opined about Plaintiff's ability to perform manipulative activities, outside his expertise as a podiatrist. (AR 32.) Dr. Dujela's opinions are

indeed inconsistent with other medical opinions and evidence in the record. (AR 31-32 (the ALJ's discussion of the contrary opinions and evidence)).) Although Plaintiff points to Dr. Dujela's own notes and Plaintiff's bone scan as evidence that corroborates Dr. Dujela's opinions, the ALJ's decision outlines other contrary evidence, such as nerve conduction studies and a normal EMG of the lower extremities. (*See* AR 31.) Plaintiff has not shown that the ALJ's finding of inconsistency lacks the support of substantial evidence. Furthermore, Plaintiff does not directly dispute that some of Dr. Dujela's findings were outside his expertise as a podiatrist. Dkt. 12 at 7. Accordingly, the Court finds that the ALJ provided specific, legitimate reasons to discount Dr. Dujela's opinions, and any attempt to extent the temporal reach of Dr. Quadeer's opinion via Dr. Dujela's opinions is unavailing.

William Wilkinson, Ed.D.

Dr. Wilkinson examined Plaintiff in August 2017 and completed a DSHS form opinion describing his symptoms and limitations. (AR 1652-60.) The ALJ summarized Dr. Wilkinson's findings and conclusions and indicated that she gave some weight to Dr. Wilkinson's opinion, but discounted the "marked" limitations he indicated as based on Plaintiff's presentation (which was inconsistent with his presentation on other occasions) and based on non-credible self-reporting. (AR 33.)

Plaintiff argues that Dr. Wilkinson's opinion was based on clinical findings, rather than self-report. Dkt. 12 at 7-8. But Dr. Wilkinson's "clinical findings" section of the opinion report simply summarizes Plaintiff's self-report, and Dr. Wilkinson's mental status examination findings were almost entirely normal, other than for recent memory. (AR 1653, 1655-56.) Dr. Wilkinson did not find Plaintiff to be markedly limited in a memory-related category. (AR 1654.) Because it is reasonable to find that Dr. Wilkinson relied on properly discounted self-report rather than

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

objective findings in concluding that Plaintiff had disabling mental limitations, the ALJ did not err in discounting Dr. Wilkinson's opinion. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Amir Atabeygi, M.D.

Dr. Atabeygi diagnosed a four-wheeled walker for Plaintiff in October 2017 because Plaintiff reported to him that he felt unsafe using a cane. (AR 1715.) Plaintiff argues that the ALJ erred in not discussing Dr. Atabeygi's rationale for prescribing the walker. Dkt. 12 at 8-9.

The ALJ did mention the treatment note in which Dr. Atabeygi prescribed the walker, however: the ALJ noted that Plaintiff requested a walker and that his provider prescribed one. (AR 29 (citing *inter alia* AR 1715).) The ALJ inferred from the timing of Plaintiff's request for a walker (shortly after he had received his notice of administrative hearing) that Plaintiff may have requested the walker in order to appear more physically limited at the hearing. (AR 29.) This speculation may have been improper, as the Court suggested *supra*, but Plaintiff has nonetheless not shown harmful error in the ALJ's failure to more thoroughly discuss Dr. Atabeygi's treatment note.

W. Michael Rogers, Psy.D.

The ALJ gave great weight to Dr. Rogers' opinion, which was written after a psychological examination in January 2016. (AR 572-75.) Plaintiff argues that the ALJ erred in crediting this opinion, given that his psychological condition worsened after Dr. Rogers' examination. Dkt. 12 at 9. This argument invites the Court to reweigh the evidence, and the Court declines to do so. *See, e.g.*, *Wilfred-Pickett v. Berryhill*, 719 Fed. Appx. 576, 578 (9th Cir. Dec. 15, 2017) ("[Plaintiff's] argument is tantamount to asking us to reweigh the evidence in her favor, which is not our prerogative."). Plaintiff has not met his burden to show that the ALJ erred in affording

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

weight to Dr. Rogers' opinion.

Miscellaneous arguments

Plaintiff summarizes the medical record at length, but does not connect that summary to a specific assignment of error, and thus this section need not be addressed further. Dkt. 12 at 9-11.

Plaintiff also argues that the workers' compensation evaluations were entitled to little weight because they were focused on workplace injuries rather than Plaintiff's overall capabilities. Dkt. 12 at 11-12. Plaintiff has not cited any authority indicating that workers' compensation opinions cannot be afforded great weight or partial weight, and the Court is not aware of any, and therefore does not find that the purpose for which the opinions were obtained necessarily implies that the ALJ erred in relying on them. The ALJ acknowledged that the workers' compensation process at times focused on determining the cause of impairments, which was not material to whether Plaintiff is disabled. (AR 31.) The ALJ thus appeared to consider the different purpose for which the workers' compensation opinions were obtained, and Plaintiff has not established that the ALJ misapprehended the scope of those examinations.

Lastly, Plaintiff challenges the ALJ's assessment of the State agency opinions. The ALJ noted that the State agency reviewing physicians found that Plaintiff was not disabled. (AR 30.) Plaintiff argues that this is true in every Social Security case considered by an ALJ; if the State agency had found Plaintiff disabled, the ALJ would not have been hearing the case. Dkt. 12 at 12. That is true, but does not establish error in the ALJ's decision. The ALJ did not claim to be crediting the State agency opinions *because* they indicated that Plaintiff was not disabled; to the contrary, the ALJ indicated that the opinions had value because the State agency consultants are experts in the disability program and their opinions are well supported by the medical record that they reviewed, as well as with the record as a whole. (AR 30.) Although Plaintiff contends that

the ALJ should have discounted the State agency opinions because they were based on a review of the record in June 2016 (Dkt. 12 at 12), the ALJ noted the limitation in their review and herself considered whether the opinions were consistent with the remainder of the record. (AR 30.) And although Plaintiff contends that the ALJ should have acknowledged that non-examining source opinions are generally entitled to less weight than treating or examining source opinions (Dkt. 12 at 12), he cites no authority requiring an ALJ to explicitly acknowledge this standard in her decision and the Court is not aware of any such authority. Accordingly, Plaintiff has failed to establish error in the ALJ's assessment of the State agency opinions.

Step five

Plaintiff presents two challenges to the ALJ's finding at step five that he could perform three jobs identified by the VE. First, Plaintiff argues that the ALJ's RFC restriction to simple, routine tasks is inconsistent with the requirements of two of the jobs identified at step five: surveillance systems monitor and call-out operator. Dkt. 12 at 19. The Commissioner concedes this is error, but argues that the third job identified at step five (lampshade assembler) exists in significant numbers, and therefore can solely support the ALJ's step-five finding. Dkt. 13 at 15.

Plaintiff argues in reply that he could not perform the job of lampshade assembler if he was limited to only occasional reaching, or occasional handling, fingering and feeling with his right hand (Dkt. 14 at 10), but the ALJ did not find Plaintiff to be so limited and Plaintiff has not shown that the ALJ erred in so finding. Plaintiff also suggests that the VE's testimony regarding the job numbers was insufficient to support the ALJ's conclusion because the VE testified that he was relying on "estimates" of job numbers. Dkt. 14 at 10 (citing AR 113-15, 118). The VE indeed referred to estimates of job numbers during his hearing testimony (AR 112, 118), but Plaintiff has not shown that these estimates were not reliable. A VE is entitled to use professional expertise to

determine the number of available jobs, and an ALJ is entitled to rely on such testimony. *See Rincon v. Colvin*, 636 Fed. Appx. 963, 964 (9th Cir. Feb. 17, 2016) (holding that a VE's professional expertise provides the foundation for hearing testimony regarding the number of available jobs (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005))). Moreover, Plaintiff did not "even obliquely suggest" that the VE's job numbers were unreliable at the hearing, as he does now in his briefing, and has therefore waived this issue. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108-10 (9th Cir. 2017).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>18th</u> day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge