UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL NYGREN,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5005-MAT

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 17. The Commissioner opposes the motion. Dkt. 18. For the reasons explained herein, the Court DENIES Plaintiff's motion (Dkt. 17).

The Court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

ORDER
PAGE - 1

clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). *See also Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (reconsideration may also be granted where "necessary to 'prevent manifest injustice[]'") (quoted source omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890 (emphasis in original; citing *389 Orange Street Partners*, 179 F.3d at 665).

In this case, the parties agreed that two of the three jobs relied upon by the administrative law judge (ALJ) at step five in the sequential disability evaluation were invalid. Dkt. 12 at 19; Dkt. 13 at 15. The Commissioner argued that the third job, lampshade assembler, existed in significant numbers, and was therefore sufficient to solely support the ALJ's step-five finding. Dkt. 13 at 15. The Court agreed with the Commissioner. Dkt. 15 at 11-12.

In his Rule 59(e) motion, Plaintiff argues that the Court erred in finding that the lampshade assembler job existed in significant numbers because this is the type of finding that must be made in the first instance by the ALJ. Dkt. 17 at 2-3. Plaintiff cites no authority to support this position, and the Court is not aware of any such authority. Instead, the Court is aware of Ninth Circuit cases where the court, rather than the ALJ, has found that one job exists in significant numbers, even if other jobs relied upon by the ALJ are invalid. *See, e.g.*, *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *Barker v. Sec'y of Health & Hum. Servs.*, 882 F.2d 1474, 1478-80 (9th Cir. 1989). Furthermore, Plaintiff did not raise this argument in either the opening or reply briefs. Dkt. 12, 14. Plaintiff has therefore failed to show clear error in the Court's decision based on this argument.

Plaintiff also presents evidence for the first time in connection with the Rule 59(e) motion: the Court's order found that Plaintiff had failed to show that the vocational expert's (VE) job

ORDER
PAGE - 2

numbers testimony relied upon by the ALJ was unreliable, and Plaintiff now submits a statement from another VE indicating that the lampshade assembler job exists in far fewer numbers. Dkt. 17, Ex. A. Plaintiff contends that this new evidence could support a remand under sentence six of 42 U.S.C. § 405(g). The Court rejects Plaintiff's alternative request for a sentence-six remand, given that it was made for the first time in the context of a Rule 59(e), which is an inappropriate vehicle for raising new arguments or presenting evidence for the first time. To the extent that Plaintiff also more broadly challenges the sufficiency of the job numbers identified by the VE for lampshade assembler at the hearing (Dkt. 17 at 4-5), the Court notes that Plaintiff did not argue that 22,000 is not a significant number of jobs in either his opening or reply briefs (Dkt. 12, 14), and the Court will not address that argument for the first time in connection with a Rule 59(e) motion.

For all of these reasons, the Court finds that Plaintiff has not shown he is entitled to relief under Rule 59(e) and his motion (Dkt. 17) is therefore DENIED.

DATED this 9th day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge